preted to be one against the state where the relief sought and the judgment would operate to subject the state to liability. See 37 Ohio Jurisprudence, 268, Section 44.

We note that the plaintiff urges that the suit may be maintained under the provisions of Section 19, Article I of the Ohio Constitution. The applicable part of this section provides:

"Private property shall ever be held inviolate but subservient to the public welfare. When taken * * * for the purpose of making or repairing roads, which shall be open to the public, without charge, a compensation shall be made to the owner, * * *."

Even though this section may be self-executing, as urged by counsel, we are of the opinion that it confers no rights upon the plaintiff to maintain this action, as its subject matter was not property taken for the purpose of "making or repairing roads," but a mere chose in action, if anything. We think it clear that the plaintiff has suffered a loss by reason of the appropriation, but that an action for the same may not be maintained against this defendant until there is a legislative enactment authorizing the suit.

We are of the opinion that the demurrer was properly sustained, and the judgment is, therefore, affirmed.

*Judgment affirmed.*

PETREE, P. J., and BRYANT, J., concur.

GRIFFITH, APPELLANT, *v.* RUTLEDGE, APPELLEE.[*]

---

[*]Motion to certify the record overruled, May 14, 1958.

(No. 2448—Decided February 13, 1958.)

*Messrs. Jacobson, Durst, Pollak & Jacobson,* for appellant.
*Messrs. Altick & McDaniel,* for appellee.

CRAWFORD, J. This is an appeal on questions of law. The case is before this court a second time, for the consideration of a second special verdict. This court previously affirmed an order of the trial court granting a new trial upon a special verdict in narrative form.

On retrial the court entered judgment for the defendant upon a special verdict in interrogatory form. Plaintiff-appellant assigns as error the court's action in overruling his motions for judgment and for new trial.

The amended petition, in addition to the allegations of injury and the prayer, reads as follows:

"On August 24, 1953, at about 1:15 a. m. plaintiff was driving a 1939 Chevrolet sedan eastwardly on Airway Road, in Mad River Township, Montgomery County, Ohio, east of where Eubanks Avenue intersects Airway Road, and west of where Meyer Avenue intersects Airway Road. As plaintiff was proceeding eastwardly on the south one-half of Airway Road at a speed of 20 miles per hour, said Chevrolet was struck by a 1953 Oldsmobile Sedan driven westwardly on Airway Road by defendant.

"The collision and resulting injuries to plaintiff were caused by defendant's acts and omissions in the following, to wit:

"(1) Defendant was driving said Oldsmobile just prior to and at the time of collision at a speed of 75 miles per hour.

"(2) Defendant was driving said Oldsmobile without having same under any control at the time of and just prior to the collision in that said Oldsmobile was not in the west bound lanes of traffic.

"(3) Defendant drove said Oldsmobile just prior to and at

the time of collision partially upon the south one-half of Airway Road, and across the center line of Airway Road, in the lane for east-bound traffic occupied by plaintiff."

The answer admits that at the time alleged a collision occurred on Airway Road between an automobile operated by plaintiff and an automobile owned by defendant and that plaintiff received some injuries; otherwise the answer consists only of a general denial.

The special verdict was as follows:

"We, the jury, being first duly impaneled and sworn, upon the concurrence of the undersigned jurors, being not less than nine jurors, do find and return this special verdict upon the issues submitted to us in writing by the court.

"1. Was the defendant, Clarence Rutledge, the operator of his Oldsmobile at the time it was involved in this collision?

"Answer: No.

"2. (If your answer to No. 1 is yes, do not answer No. 2. If your answer to No. 1 is no, then answer No. 2.)

"Was the Oldsmobile owned by defendant, occupied by defendant and driven by Zelma Shropshire at the time of the collision?

"Answer: Yes.

"3. Was William Roger Griffith driving his Chevrolet eastwardly on the south side of Airway Road at the time of the collision with the Oldsmobile of Clarence Rutledge?

"Answer: No.

"4. Was the Oldsmobile of Clarence Rutledge being driven westwardly on the north side of Airway Road at the time of the collision with the Chevrolet of William Roger Griffith?

"Answer: No.

"5. Was the Oldsmobile of Clarence Rutledge wholly or partly across the center line of Airway Road onto the south side of said road at the instant of the collision of the Chevrolet of William Roger Griffith?

"Answer: No.

"6. Was the point of impact between the two automobiles to the north or to the south of the center line of Airway Road?

"Answer: North.

"7. Was the rate of speed of the Oldsmobile greater than

was reasonable or proper, having due regard to the traffic, surface, and width of the road and any other conditions, at the scene of the accident?

"Answer: Yes.

"8. Did the acts of the operator of the Oldsmobile, if any, mentioned in 5 and 7, proximately cause the collision with the automobile of plaintiff, William Roger Griffith?

"Answer: Yes.

"9. What amount of money will fairly and reasonably compensate plaintiff, William Roger Griffith, for the injuries and damages sustained by reason of this collision?

"Answer: $20,000."

It was agreed in argument that there is no issue of agency so that we may assume the driver of defendant-appellee's automobile was acting as his agent.

Counsel for defendant also asserted that there was a stipulation as set forth in his brief, as follows:

"It is hereby stipulated by plaintiff and defendant that Airway Road runs east and west at the scene of the accident between the parties; that the 1953 Oldsmobile Sedan owned by defendant was being driven westwardly on said road in Madriver Township, Montgomery County, Ohio, prior to the time of said accident; and that said accident occurred East of Eubanks Avenue and West of Meyer Avenue on Airway Road."

Plaintiff's brief refers to such a stipulation, so that we assume it is recognized by both sides in the form quoted in the brief, and may be considered for our present purposes.

Plaintiff says he is entitled to a judgment because of the findings in interrogatories Nos. 7 and 8 that defendant's automobile was being operated at a speed greater than was reasonable and proper, etc., which act proximately caused the collision.

Defendant responds that these findings involve conclusions of law, are mere surplusage, and should be ignored.

It is unnecessary to determine whether, under Sections 2315.14 and 2315.15, Revised Code, these findings, standing alone, would support a judgment for the plaintiff, because the verdict contains other findings which prevent such judgment.

It is contended by defendant that he is entitled to judgment

on the basis of finding No. 3 to the effect that plaintiff was not driving his Chevrolet eastwardly on the south side of Airway Road as alleged in his amended petition. It is argued that this is a finding that he was driving eastwardly as alleged, but on the north side of the road, and was therefore guilty of negligence which proximately caused the collision.

This finding is in the nature of a negative pregnant with triple possibilities: it may signify either (1) that plaintiff was not proceeding eastwardly, or (2) that he was not on the south side of the highway, or (3) that he was not proceeding eastwardly *and* was not on the south side of the highway. The finding remains completely ambiguous without the aid of a statement made in argument that plaintiff was entering the highway from the north and turning east into Airway Road. A special verdict which requires such explanation is not complete, certain or definite.

In such uncertainty the court could not conclude as a matter of law that plaintiff was or was not guilty of negligence, and would not know upon what facts or theory to consider that question.

There is nothing here to show that negligence of plaintiff was an issue in the case; it was not pleaded, and the evidence is not before us. However, finding No. 6, that the collision occurred north of the center line of the road, may suggest such an issue, but cannot determine it, in light of the ambiguity contained in finding No. 3. This uncertainty precludes judgment for the plaintiff.

Depending as we must upon the special verdict itself, aided only by the pleadings and stipulations, it is impossible to say how the collision occurred. Therefore, the "verdict is so indefinite, uncertain, or defective that a judgment cannot be rendered thereon." Section 2323.17, Revised Code.

The judgment is therefore reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

HORNBECK, P. J., and WISEMAN, J., concur.